IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JARROD ANTHONY PORTLOCK                                   PLAINTIFF

v.               Civil No. 13-5287

SGT. T. MUGGY; DEPUTY
D. BRANNON; and DEPUTY J.
SCARBROUGH                                                                  DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights case filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis.*

Plaintiff is currently incarcerated in the Varner Unit of the Arkansas Department of Correction which is located in Grady, Arkansas. The events at issue in this case occurred while Plaintiff was incarcerated in the Washington County Detention Center (WCDC) in Fayetteville, Arkansas. Specifically, Plaintiff maintains he was subjected to unconstitutional conditions of confinement at the WCDC.

The case is before me on the motion to dismiss (Doc. 17) filed by the Defendants. Plaintiff has not responded to the motion to dismiss.

**1. Background**

According to the allegations of the complaint (Doc. 1) and the addendum (Doc. 6), while the Plaintiff was incarcerated at the WCDC, the toilet in the day-room area was broken for two weeks. Plaintiff alleged that during the two week period, the toilet bowl constantly contained human waste. Plaintiff alleged the showers also did not drain effectively causing a puddle

around the entire toilet/shower area. He asserted that constant foot traffic resulted in the contamination being spread throughout the living areas of Pod A Barracks S resulting in unsafe and unsanitary living conditions.

Plaintiff named as Defendants the WCDC, Sergeant T. Muggy, Deputy D. Brannon, and Deputy J. Scarbrough. Plaintiff indicated he was suing the Defendants in their official capacities only. The WCDC was terminated as a Defendant as a detention facility is not a person subject to suit under § 1983.

Because he indicated he was suing the Defendants in their official capacities only, Plaintiff was ordered to complete a questionnaire to be filed as an addendum to the complaint. In the addendum, the Court explained the distinction between official and individual capacity claims. Plaintiff was asked whether he contended Washington County had an unconstitutional policy, he answered yes and stated: "They left human waste in the one toilet that serves 40 men, for weeks while the drains for showers in same area didn't drain causing flooding in around the toilet area, foot traffic to and from such area, caused human waste, to be spread throughout living areas, depriving us [of] humane and sanitary living conditions." Doc. 6 at pgs. 3-4.

He was also asked if Washington County had an unconstitutional custom. He responded yes and then stated: "They leave unsanitary conditions unchecked for big periods of time. Human waste left to rot in the only toilet for a 40 man barracks. I made it clear there was problems using the grievance several times, they failed to provide safe and sanitary conditions." Id. at pg. 4.

In the addendum, Plaintiff also stated that Sergeant Muggy got the problem "somewhat" fixed. Doc. 6 at pg. 5. Plaintiff indicated he was suing Sergeant Muggy in his official capacity.

-2-

Id. With respect to Deputy Brannon, Plaintiff alleges he was in and around living quarters daily and was continually told about the problem. Id. at pg. 6. Plaintiff states Deputy Brannon was "useless" in resolving the problem even though he agreed it was inhumane and completely unsanitary. Plaintiff indicated he was suing Deputy Brannon in his official capacity. Id. With respect to Deputy J. Scarbrough, Plaintiff states he was exposed to, and aware of, the problems but failed to completely address the issue. Id. Despite being asked to do so, Plaintiff did not indicate whether he was suing Deputy Scarbrough in his official capacity, his individual capacity, or in both capacities. Id. As previously noted, Plaintiff did indicate in the complaint that he was suing Deputy Scarbrough in his official capacity only.

### 2. Applicable Standard

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 556 U.S. at 678). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678; see also Stone v. Harry,

AO72A
(Rev. 8/82)

364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

### 3. Discussion

Defendants maintain they are entitled to the dismissal of this action because no plausible official capacity claim has been asserted.

Official capacity claims are "functionally equivalent to a suit against the employing governmental entity." Veatch v. Bartels Lutheran Home, 627 F.3d 1254, 1257 (8th Cir. 2010). In other words, the official capacity claims are treated as claims against Washington County. See Murray v. Lene, 595 F.3d 868, 873 (8th Cir. 2010).

"[I]t is well established that a municipality cannot be held liable on a *respondeat superior* theory, that is, solely because it employs a tortfeasor." Atkinson v. City of Mountain View, Mo., 709 F.3d 1201, 1214 (8th Cir. 2013). To establish Washington County's liability under § 1983, "plaintiff must show that a constitutional violation was committed pursuant to an official custom, policy, or practice of the governmental entity." Moyle v. Anderson, 571 F.3d 814, 817 (8th Cir. 2009)(citation omitted); see also Leatherman v. Tarrant County, Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 166 (1993).

The applicable law has been summarized as follows:

There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with "deliberate indifference" to its known or obvious consequences. *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008). There need not be a finding that a municipal employee is liable in his or her individual capacity before municipal liability can attach. *Speer v. City of Wynne*, 276 F.3d 980 (8th Cir. 2002); *Parrish v. Luckie*, 963 F.2d 201, 207 (8th Cir. 1992) ("A public entity or supervisory official may be held liable under § 1983 even though no government individuals were personally liable."). Where

> an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability. *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389-90 (8th Cir. 2007).

Moyle at 817-18.

In this case, Plaintiff maintains that Washington County had a policy or custom of failing to maintain a sanitary or safe living environment. To establish the existence of an unconstitutional policy, the Plaintiff must point to "a deliberate choice of a guiding principle or procedure made by the municipal official who has final authority regarding such matters." Mettler v. Whiteledge, 165 F.3d 1197, 1204 (8th Cir. 1999). Plaintiff has failed to do so. In short, he has failed to allege a plausible claim that the alleged unsanitary conditions were the result of an official municipal policy.

In Johnson v. Douglas County Medical Dept., 725 F.3d 825 (8th Cir. 2013), the Court outlined the necessary elements for establishing the existence of an unconstitutional custom. It stated:

> To establish a claim for "custom" liability, [Plaintiff] must demonstrate:
>
> 1) The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;
>
> 2) Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and
>
> 3) That Plaintiff was injured by acts pursuant to the governmental entity's custom, *i.e.*, that the custom was the moving force behind the constitutional violation.

Id., 725 F.3d at 828 (citations omitted).

Here, while Plaintiff alleges that the unsanitary conditions existed for several weeks during his incarceration, the allegations are insufficient to suggest the existence of a continuing, widespread, persistent pattern of unsanitary conditions.  A single deviation is insufficient to establish a custom.  Id. at 829.   Multiple incidents occurring over a course of time are needed to establish a custom.  Id.  Plaintiff's allegations in this case do not suggest the existence of any unconstitutional policy or custom of Washington County.

### 4.  Conclusion

I therefore recommend that the motion to dismiss (Doc. 17) be granted and the case dismissed without prejudice.

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of November 2014.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)