IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

JARROD ANTHONY PORTLOCK                                            PLAINTIFF

v.                              Case No. 5:13-CV-05287

SGT. T. MUGGEY; DEPUTY
D. BRANNON; and DEPUTY J.
SCARBROUGH                                                         DEFENDANTS

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R & R") (Doc. 24) of the Honorable Erin L. Setser, United States Magistrate for the Western District of Arkansas, filed in this case on November 19, 2014, regarding Defendants' Motion to Dismiss (Doc. 17) and brief in support (Doc. 18). Also before the Court are Plaintiff Jarrod Anthony Portlock's ("Portlock") Objections (Doc. 25). After conducting a *de novo* review of the record, the Court finds that the R & R should be, and hereby is, **ADOPTED AS MODIFIED**, with the additional reasons and expanded analysis set forth below.

## I. BACKGROUND

On November 29, 2013, Portlock filed his Complaint against Sergeant T. Muggey, Deputy D. Brannon, and Deputy J. Scarbrough, maintaining that his constitutional rights were violated while he was incarcerated at the Washington County Detention Center ("WCDC"). The basis of Portlock's claim is that the WCDC staff failed to provide sanitary living conditions for the inmates. He asserts that the only toilet in the 40-man barracks was out-of-service for two separate two-week periods, transpiring over one month's time before it was "somewhat fixed," and that it was constantly filled with waste. (Doc. 6, p.3 and p.7). He also contends that the showers, which are located in the vicinity of the toilet, did not

drain effectively, creating a contaminated puddle "in [and] around [the] toilet area." (Doc. 6, p.1). As a result, Portlock asserts that constant foot traffic in and out of the bathroom spread the contamination to all inmate living areas. Portlock further alleges that those responsible for maintaining sanitary conditions at the jail were aware of these conditions, yet failed to address them. Portlock seeks compensatory damages from Defendants, whom he sues in their official capacities only.

Defendants move for dismissal on two grounds: (1) Portlock has failed to allege that his constitutional rights were violated; and (2) any recovery would be limited to nominal damages pursuant to 42 U.S.C. § 1997e(e) due to his failure to allege any physical harm.[1] The Magistrate recommends dismissal for Portlock's failure to allege the existence of an unconstitutional policy or custom.

While it is somewhat difficult to surmise the legal substance of Portlock's objections to dismissal, the Court construes a general objection by Portlock to the dismissal of his case. He argues that the unsanitary conditions caused by a shared non-functioning toilet constitute inhumane and unconstitutional treatment.

## II. LEGAL STANDARD

To survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint must present "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The intention of this is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Even so, the complaint

---

[1] Because the Complaint is dismissed for failure to establish a § 1983 violation against Washington County, it is unnecessary to address whether 42 U.S.C. § 1997e(e) precludes Portlock's right to recover mental or emotional injuries.

"must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* In short, "the pleading standard that Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

Portlock brings this action pursuant to § 1983, alleging that the fact that the "pod" toilet was broken for two two-week periods violated his constitutional rights. He sues Defendants in their official capacities only. As such, Defendants maintain they are entitled to the dismissal of this action because no plausible official capacity claim has been asserted. Official-capacity claims are the functional equivalent of a suit against the employing governmental entity—in this case, Washington County. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). In order to hold a municipality liable under 42 U.S.C. § 1983, its liability cannot be based solely upon the doctrine of *respondeat superior*. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010) (citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978)). To prevail on this issue, a plaintiff must show that a constitutional violation was committed pursuant to an official custom,

policy, or practice of the governmental entity. *Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009) (citing *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 690–92 (1978)). Policy or custom official-capacity liability is imposed by 42 U.S.C. § 1983 only for "constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decision making channels." *Monell*, 436 U.S. at 690–91.

"There are two basic circumstances under which municipal liability will attach: (1) where a particular municipal policy or custom itself violates federal law, or directs an employee to do so; and (2) where a facially lawful municipal policy or custom was adopted with 'deliberate indifference' to its known or obvious consequences." *Id.* at 817-18 (citing *Seymour v. City of Des Moines*, 519 F.3d 790, 800 (8th Cir. 2008)). "Where an official policy is itself unconstitutional or directs employees to take unconstitutional action, no evidence beyond a statement of the policy and its exercise is necessary to establish § 1983 liability." *Id.* (citing *Szabla v. City of Brooklyn Park*, 486 F.3d 385, 389–90 (8th Cir. 2007)).

The first inquiry the Court must make is whether the facts as alleged by Portlock amount to a constitutional violation. Portlock alleges that a toilet shared by 40 men in a "pod" was broken for at least two two-week periods over the course of "a little more than a month's time." (Doc. 6, p. 5). Portlock concedes that Sergeant Muggey made at least some attempt to fix the toilet during that period. (Doc. 6, p.3), however, the problem "still goes on as of 12-13-13." *Id.*

The Eighth Amendment prohibits punishments that "deprive inmates of the minimal civilized measure of life's necessities." *Howard v. Adkison*, 887 F.2d 134 (8th Cir. 1989) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Exposure to raw sewage may in some cases amount to cruel and unusual punishment. *Smith*, 87 F.3d at 268-69 (citing *Fruit v. Norris*, 905 F.2d 1147, 1151 (8th Cir.1990)). However, any analysis of confinement conditions must be based on the totality of the circumstances. *Id.* (citing *Howard*, 887 F.2d at 137). To prevail on an Eighth Amendment claim in this context, an inmate must show that correctional officers were deliberately indifferent to the risk of harm posed by raw sewage. *Id.* (citing *Burton v. Armontrout*, 975 F.2d 543, 546 (8th Cir. 1992), *cert. denied*, 508 U.S. 972 (1993). It follows, therefore, that not every "overflowed toilet amounts to a constitutional violation." *Id.*

Constitutional violations have been found where inmates were forced to work without protective gear "in a shower of human excrement." *Fruit*, 905 F.2d at 1151. The Eighth Circuit has also ordered prisons to provide protective gear and to warn of the dangers of working in AIDS-contaminated waste. *Burton*, 975 F.2d at 545. Similarly, a constitutional violation has been found where an inmate was forced to endure a cell covered with filth and human waste for two full years. *Howard*, 887 F.2d at 137. Further, a district court found that when an inmate was exposed to a raw sewage leak emanating from the toilet within his own cell for 10 months, the totality of the circumstances—including the fact that the inmate became physically ill as a result of exposure to the raw sewage—amounted to a constitutional violation.[2] *Looper v. Sanders*, 2011 WL 861714,

---

[2] The Court notes that in that case, constitutional violations were construed against the defendants in their individual capacities only. The plaintiff's official-capacity claims were dismissed due to his failure to allege any specific policy related to toilet facilities.

at *4 (W.D. Ark. Mar. 10, 2011). Thus, the length of time a prisoner is subjected to harsh conditions is a critical factor in the Court's analysis. *Smith*, 87 F.3d at 269 (citing *Howard*, 887 F.2d at 137) ("inmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time"). "Conditions such as a filthy cell that may be tolerable for a few days are intolerably cruel for weeks or months." *Smith*, 87 F.3d at 269.

In this case, the non-functioning toilet was not inside of Portlock's cell, but within the common "pod" area. This situation is distinguishable from the cases cited above, in which inmates were exposed to raw sewage within their cells or forced to wade through excrement without protective gear. Moreover, the length of time Portlock was subjected to the broken toilet is measured in weeks, not months or years, as Portlock acknowledges that Defendants made some attempt to repair the toilet and that the toilet was broken for two two-week intervals over the course of a little more than a month. Considering the totality of the circumstances, the Court finds that Portlock failed to allege a clear violation of a constitutional right.

The Magistrate recommends dismissal based upon her finding that Portlock's allegations are insufficient to suggest the existence of a continuing, widespread, persistent pattern of unsanitary conditions. She noted that a single deviation is insufficient to establish a custom. However, reading Portlock's Complaint broadly, it appears that he has alleged that the problem of the broken toilet—interrupted by brief periods of repair—persisted over the course of a month and may have continued for some period of time thereafter. Construing the facts in the light most favorable to Portlock, the broken toilet may have been a continuing problem. Even if the Court were to assume that

repeatedly failing to repair a pod toilet in less than a two-week period shows a custom by Washington County of violating Portlock's constitutional rights, § 1983 liability will not attach unless there is proof that the custom or policy was undertaken with deliberate indifference to its known or obvious consequences.

The standard for deliberate indifference is objective—a governmental entity is liable if it has maintained "a policy in which the inadequacy is so obvious, and the inadequacy is so likely to result in the violation of constitutional rights" that the policymakers can be said to have been deliberately indifferent. *Moyle*, 571 F.3d at 818 -19 (citing *City of Canton v. Harris*, 489 U.S. 378, 390 (1989); *Spencer v. Knapheide Truck Equip. Co.*, 183 F.3d 902, 905–06 (8th Cir. 1999)). However, a showing of simple or even heightened negligence will not suffice. *Id.* (citing *Brown*, 520 U.S. at 404).

While Portlock maintains that he "made it clear" that the inmates' living conditions were unsanitary through his frequent use of the grievance process and in-person conversations with the jailers, (Doc. 6, p. 2), and that "jailers and staff at WCDC collectively failed" to provide sanitary living conditions, *Id.* at 5, he admits that there was some attempt to repair the toilet, although incompetently. Negligence, however, is not the standard. Portlock must show that Defendants were deliberately indifferent.

Because Portlock admits that WCDC deputies attempted to fix the toilet, his allegations do not support a claim that Washington County was deliberately indifferent to his rights, and therefore he has not alleged facts supporting a §1983 violation.

## III. CONCLUSION

The Court, being well and sufficiently advised, finds that the R & R (Doc. 24) should be and hereby is **ADOPTED AS MODIFIED**.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**, and Plaintiff Jarrod Anthony Portlock's Complaint is **DISMISSED WITH PREJUDICE**. A judgment dismissing the case will be filed contemporaneously with this Order.

**IT IS SO ORDERED** this 20th day of March, 2015.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE